UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/03/2009

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIDTOWN PARK DEVELOPMENT, LTD. | § | CASE NO. 09-32399-H5-11 |
| | § | |
| Debtor | § | CHAPTER 11 |

**ORDER GRANTING MOTION OF L.F. "BUD" GOZA FOR (I) DETERMINATION THAT MIDTOWN PARK DEVELOPMENT, LTD. IS A SINGLE ASSET REAL ESTATE DEBTOR, AND (II) ORDER REQUIRING MIDTOWN PARK DEVELOPMENT, LTD. TO COMPLY WITH THE REQUIREMENTS OF BANKRUPTCY CODE §362(d)(3)**
(This Order Resolves Docket # __5__ )

CAME ON FOR CONSIDERATION the Motion of L.F. "BUD" GOZA for (I) Determination that MIDTOWN PARK DEVELOPMENT, LTD. is a Single Asset Real Estate Debtor, and (II) Order Requiring MIDTOWN PARK DEVELOPMENT, LTD. to Comply with the Requirements of Bankruptcy Code § 362(d)(3) (the "Motion"). The Court, having considered the Motion and all related pleadings, as well as the testimony, evidence, and representations of counsel on the record, finds and concludes that: (a) the Court has jurisdiction over the Motion; (b) due notice of the Motion and the hearing on the Motion has been given to all parties entitled thereto, as evidenced by certificate of service filed with the Court; (c) the Debtor's only asset is the Real Estate, a single parcel of unimproved real property originally comprised of approximately 67.665 acres located in Brazoria County, Texas (the "Real Estate"); and (d) the Debtor is an entity whose sole business purpose is to (1) hold title to, and potentially develop and sell, the Real Estate, and (2) make payments on the Note through the income generated by the Real Estate.

Based on the foregoing facts, the Court concludes that the Motion is well taken and should be granted. Good cause appearing, it is, therefore,

ORDERED that the Real Estate meets the definition of "single asset real estate" in section 101(51B) of the Bankruptcy Code; it is further

ORDERED that section 362(d)(3) of the Bankruptcy Code is applicable to this case and the Debtor shall comply with the provisions of section 362(d)(3) of the Bankruptcy Code; it is further

ORDERED that, without prejudice to GOZA'S right to obtain stay relief on any other grounds, the Debtor's failure to comply with the provisions of section 362(d)(3) shall serve as a basis for this Court to grant GOZA relief from the automatic stay with respect to the Real Estate pursuant to section 362(d)(3) of the Bankruptcy Code.

SIGNED: _____6-1-09_____.

UNITED STATES BANKRUPTCY JUDGE